IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| MARK KALANI BEEBE | § | |
| VS. | § | CIVIL ACTION NO. 1:21-cv-336 |
| WARDEN, FCC BEAUMONT LOW | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Mark Kalani Beebe, formerly an inmate confined at the Federal Correctional Complex in Beaumont, Texas, proceeding *pro se*, filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Discussion

Petitioner is challenging a prison disciplinary conviction for possession of a hazardous tool. As a result of the disciplinary conviction, Petitioner was required to forfeit 41 days of previously earned good conduct time credits. The website operated by the Bureau of Prisons states Petitioner was released from confinement on April 1, 2022.[1] As explained below, his petition is therefore moot.

Mootness is a jurisdictional matter implicating the requirement in Article III of the Constitution that there be a live case or controversy. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998);

---

[1] https://www.bop.gov/inmateloc/

*Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987). In the context of a federal petition seeking habeas relief, a petition is moot when the relief sought by the petitioner is no longer available. *See Schlang v. Heard*, 691 F.2d 796, 799 (5th Cir. 1982) (habeas petition challenging extension of time in jail based on inability to pay court costs was moot because the petitioner had been released). Accordingly, the United States Court of Appeals for the Fifth Circuit has recognized that a habeas petition seeking the expungement of a disciplinary report and restoration of good conduct time credits becomes moot when the petitioner is released from incarceration. *See Bailey*, 821 F.2d at 278-79; *Adair v. Dretke*, 150 F. App'x 329, 331-32 (5th Cir. 2005).

If Petitioner's challenge to his disciplinary conviction succeeded, he would be entitled to have the forfeited good conduct time credits restored. If Petitioner was still confined, this could have resulted in his being released from incarceration sooner than would have otherwise been the case. However, as Petitioner has been released from incarceration, he has received the relief that would have been provided if he had prevailed in this matter. His Petition therefore no longer presents a live case or controversy and should be dismissed as moot. *Herndon v. Upton*, 985 F.3d 443, 446 (5th Cir. 2021).

Recommendation

This Petition for Writ of Habeas Corpus should be dismissed without prejudice as moot.

Objections

Objections must be (1) specific, (2) in writing, and (3) served and filed within 14 days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72(b).

A party's failure to file objections bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-

77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court, *Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1429 (5th Cir. 1996) (*en banc*).

**SIGNED this the 20th day of May, 2022.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE